## Case No. 3,775.

### DELOACH v. DIXON et al.

[Hempst. 428.] [1]

Circuit Court, D. Arkansas. Aug. Term, 1840.

JOINT AND SEVERAL CONTRACT — ACTIONS ON — PARTIES — DISCONTINUANCE AND NOLLE PROSEQUI.

1. In a suit on a joint and several contract the plaintiff may sue all or one or any intermediate number of the co-contractors, although he could not do so at the common law. The statute of Arkansas authorizes this proceeding.

2. The plaintiff may, after bringing suit against all, discontinue as to any defendant before final judgment, although he may be served with process, and this will not operate as a discontinuance of the action, nor can the other defendants avail themselves of it.

3. A discontinuance and nolle prosequi stand on the same ground; neither operating like a retraxit to release and bar the cause of action.

4. A nolle prosequi amounts to no more than an agreement not to proceed further in that suit as to the particular person or cause of action to which it is applied, but does not prevent the commencement of·a future suit.

A. Fowler, for plaintiff.
Chester Ashley and George C. Watkins, for defendants.

OPINION OF THE COURT. This is an action of assumpsit, brought by the plaintiff [Isaac Deloach] against the defendants [Thomas Dixon, William Strong, and Thomas J. Curl] upon an assignment by them to the plaintiff of a promissory note, which, after presentment and demand for payment to the makers, they failed and refused to pay. The process having been served on all the defendants, they pleaded in abatement that Dixon was not a citizen of Arkansas at the commencement of the suit. The plaintiff thereupon discontinued his suit against him; and the defendants move the court to enter final judgment for them against the plaintiff; and whether this motion ought to be sustained is the only question to be now considered.

The defendants contend that as the action is founded on a contract, the discontinuance of the suit against one of the joint contractors after service of process on all, operates as a discharge and release of all the defendants from liability, and hence that final judgment should go in their favor. They further contend that the plaintiff can maintain an action against all or one only of the defendants. and not against an intermediate number; and, moreover, as he could not origi-

[1] [Reported by Samuel H. Hempstead, Esq.]

nally maintain his action against two of the defendants, he ought not to be allowed to do that indirectly which he could not do directly. If the rules of the common law upon this subject stood unchanged, the latter part of the defendants' argument is unquestionably sound; because at the common law, upon a joint obligation or contract, the plaintiff is compelled to sue all the joint makers or obligors; and upon a joint and several contract, must sue all or one and not an intermediate number. But the common law in this respect has been changed by the statute law of Arkansas; and in deciding this case we are to look to that law, because the law of the state furnishes the rule, except where the constitution, treaty, or statute of the United States otherwise provide. 2 Stat. 70. In the Revised Statutes of this state (section 64, p. 628), we find the following provision, namely, "Every person who may have cause of action against several persons, and entitled by law to but one satisfaction therefor, may bring suit jointly against all, or as many of them as he may think proper." By which it is clear that the plaintiff had his election to bring the action against the two defendants, Strong and Curl, without joining their co-contractor Dixon. He had the unquestionable right to institute suit against all or one or any other number of the joint contractors. If the plaintiff could maintain the action originally against Strong and Curl, are they at all prejudiced by the institution of the suit against all three of the joint contractors, and its dismissal as to one of them? If so, I am unable to discover it, and certainly the injury has not been pointed out. The plaintiff commenced his suit against all who were liable on the contract, and was proceeding against them; but they file a plea in abatement of the action, averring that one of them, namely Dixon, is not amenable to the jurisdiction of the court. If this be so, shall the plaintiff then not be permitted to discontinue the suit as to the defendant beyond the jurisdiction of this court, and proceed against those within the jurisdiction, when it is plain, that he might in the first place have omitted Dixon altogether, and proceeded against the two resident defendants?

It is well settled doctrine, that in cases of tort against several defendants, the plaintiff may at any stage of the cause before final judgment, enter a nolle prosequi as to some of them, and proceed against the others. 1 Ld. Raym. 597; 1 Wils. 306; 2 Salk. 457; 1 Wils. 90; 1 Saund. 207, note 2. The reason is said to be that the action is in its nature joint and several; and as the plaintiff might originally have commenced his suit against one only, and proceeded to judgment and execution, so he might even after verdict against several elect to take his damages against either of them. Carth. 20. These reasons are equally applicable to the present case; because here, too, the plaintiff had

his election to sue all, or two, or one, of these defendants, and having sued all, it must follow that he may be permitted to dismiss against one, and proceed against the others. As he might in the first instance have sued any number he chose, so the right of election continues until final judgment, otherwise the privilege would be worthless. The practice of discontinuing is not injurious to defendants; and it is moreover calculated to suppress litigation, as a contrary practice would often compel a party to bring several suits to guard against the effect of a discontinuance of the entire action. No valid objection is perceived to this practice, and it seems to be sanctioned by authority. There is an act of congress of 1839,—9 Laws U. S. 962 [5 Stat. 321],—which provides, "That where in any suit at law or in equity, commenced in any court of the United States, there shall be several defendants, any one or more of whom shall not be inhabitants of, or found within, the district where the suit is brought, or shall not voluntarily appear thereto, it shall be lawful for the court to entertain jurisdiction, and proceed to the trial and adjudication of such suit between the parties, who may be properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties, not regularly served with process, or not voluntarily appearing to answer; and the non-joinder of parties who are not so inhabitants, or found within the district, shall constitute no matter of abatement, or other objection to said suit." This provision I consider conclusive in support of the present opinion, and of the jurisdiction of the court.

With regard to the effect of a discontinuance, little doubt can be entertained. A discontinuance and nolle prosequi stand on the same ground; neither of them operating, like a retraxit, to discharge, release, and bar the cause of action. The supreme court of the United States in the case of Minor v. Mechanics' Bank of Alexandria, 1 Pet. [26 U. S.] 74, says: "The nature and effect of a nolle prosequi was not well defined or understood in early times; and the older authorities involve contradictory conclusions. In some cases it was considered in the nature of a retraxit operating as a full release and discharge of the action, and of course as a bar to any future suit. In other cases it was held not to amount to a retraxit, but simply to an agreement not to proceed further in that suit, as to the particular person or cause of action to which it was applied. And this latter doctrine has been constantly adhered to in modern times, and constitutes the received law." The discontinuance, then, in the present case as to Dixon having no greater effect than a nolle prosequi (3 Bl. Comm. 296), does not operate to discharge and release the cause of action, either as to Dixon or the two remaining defendants. The principles here advanced will be found to be fully sustained by the case just cited in 1

.Pet. [26 U. S.] 74, and by the authorities summed up with great accuracy in a note of Mr. Serjeant Williams to the case of Salmon v. Smith, 1 Saund. 207, note 2. The motion must be overruled.